CORR CRONIN LLP
Blake Marks-Dias, WSBA No. 28169
Todd T. Williams, WSBA No. 45032
Kathryn Joy, WSBA No. 60056
1015 Second Avenue, Floor 10
Seattle, WA 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com
twilliams@corrcronin.com
kjoy@corrcronin.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| LEE & HAYES, P.C., a Washington professional corporation,<br><br>Plaintiff/Counterclaim defendant,<br><br>v.<br><br>CONTINUOUS COMPOSITES INC., a Delaware corporation,<br><br>Defendant/Counterclaim plaintiff. | CASE NO. No. 2:24-CV-0375-TOR<br><br>**STIPULATED PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.

STIPULATED PROTECTIVE ORDER - 1

Accordingly, the parties stipulate to and petition the Court to enter this Stipulated Protective Order ("Agreement"). The parties acknowledge this Agreement does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.      "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged by parties or non-parties: information relating to sensitive financial or business matters; confidential client information such as attorney invoices and spreadsheets; confidential negotiations; confidential agreements; or sensitive personal information.

3.      SCOPE

The protections conferred by this Agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this Agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

STIPULATED PROTECTIVE ORDER - 2

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1   <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)   the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)   experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER - 3

    (d) the Court and its personnel, and court reporters and their staff;

    (e) copy services, imaging services, and e-discovery hosting services retained by counsel to assist in the duplication, imaging, and hosting of confidential material, provided that counsel for the party requesting the service instructs the service company not to disclose any confidential material to third parties and, with respect to copying services, to immediately return all originals and copies of any confidential material;

    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter, not later than prior to trial, and may not be disclosed to anyone except as permitted under this agreement;

    (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    4.3 <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in Court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and

STIPULATED PROTECTIVE ORDER - 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. A party who seeks to maintain the confidentiality of its information must satisfy the burden to maintain a filing under seal, even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the presumption of public access to the Court's files.

5.  DESIGNATING PROTECTED MATERIAL

   5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

   Mass, indiscriminate, or routinized designations are prohibited. The parties agree not to make designations that are clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties).

STIPULATED PROTECTIVE ORDER - 5

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party or designating non-party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     <u>Electronic files or information contained in native electronic form not reasonably amenable to the procedures set forth for information in documentary form</u>: The designating party shall append to the file names the legend "CONFIDENTIAL" or "Attorneys' Eyes Only", identify such designation on a native file slip sheet associated with the native file, or identify such designation by any other reasonable method.

STIPULATED PROTECTIVE ORDER - 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

(c) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within 15 business days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(d) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a

STIPULATED PROTECTIVE ORDER - 7

designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

STIPULATED PROTECTIVE ORDER - 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action by a party or non-party as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and

STIPULATED PROTECTIVE ORDER - 9

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Agreement to Be Bound" that is attached hereto as Exhibit A.

9.   NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 calendar days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this Agreement shall remain in effect until a designating party agrees otherwise in writing or the Court orders otherwise.

10.  EFFECTIVENESS

The parties to this captioned action enter this Agreement and consent to the form and entry of this Agreement as if it were a signed order. They agree to file this stipulated Agreement and ask the Court to enter it as an order, but this Agreement shall be binding upon signature of the parties regardless of when the Court enters it as an order.

STIPULATED PROTECTIVE ORDER - 10

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3  DATED: February 14, 2025             KUTAK ROCK LLP

4
                                        *s/ Sarah E. Elsden*
5                                       Geana M. Van Dessel, WA # 35969
                                        Sarah E. Elsden, WA #51158
6                                       Lesley R. Gangelhoff, WA # 57491
                                        510 W. Riverside Avenue, Suite 800
7                                       Spokane, WA 99201
                                        Ph: (509) 747-4040
8                                       geana.vandessel@kutakrock.com
9                                       sarah.elsden@kutakrock.com
                                        lesley.gangelhoff@kutakrock.com
10                                      SpokaneLitigationFilings@KutakRock.com
                                        *Attorneys for Plaintiff/Counterclaim*
11                                      *Defendant*

12

13
    DATED: February 14, 2025            CORR CRONIN LLP
14
                                        *s/ Todd T. Williams*
15                                      Blake Marks-Dias, WSBA No. 28169
                                        Todd T. Williams, WSBA No. 45032
16                                      Kathryn Joy, WSBA No. 60056
17                                      CORR CRONIN LLP
                                        1015 Second Avenue, Floor 10
18                                      Seattle, WA 98104
                                        (206) 625-8600 Phone
19                                      (206) 625-0900 Fax
                                        bmarksdias@corrcronin.com
20                                      twilliams@corrcronin.com
21                                      kjoy@corrcronin.com
                                        *Counsel for Defendant/Counterclaim*
22                                      *Plaintiff*

23

24

25

26

STIPULATED PROTECTIVE ORDER - 11

1
2
3   PURSUANT TO STIPULATION, IT IS SO ORDERED.
4   DATED: February 18, 2025.
5
6
7                               _____
                                THE HONORABLE THOMAS O. RICE
8                               UNITED STATES DISTRICT COURT JUDGE
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

STIPULATED PROTECTIVE ORDER - 12

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington on [date] in the case of *Lee & Hayes, P.C. v. Continuous Composites Inc.*, Case No. 2:24-cv-00375-TOR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER - 13

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900